### John Baring and Elizabeth Baring v. Edward Bohn and William Bohn, Adm'rs.

1. CONVEYANCES—*Covenants as to Incumbrances.*—Where a person gives a statutory deed of warranty containing an exception as to incumbrances to certain amount, which are assumed by the grantee, the grantor is bound to pay any incumbrance then on the premises in excess of the sum named.

**Transcript from a Justice of the Peace.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

#### STATEMENT OF THE CASE.

This action was commenced in a justice court, by Fritz Bohn and Edward Bohn, against these appellants, and judgment was rendered in favor of the plaintiffs for $157.50 and costs.

Before the trial in the County Court the death of Fritz Bohn was suggested, and on plaintiff's motion the cause was ordered to proceed in the name of William Bohn, as administrator of Fritz and Edward Bohn. The action is based on an exchange of property, subject to an incumbrance of $7,000. Suit was brought under a warranty deed,

to recover $150 for interest earned on said incumbrance at the date of the deed.

The warranty deed is in the usual form, and is from appellants to Fritz and Edward Bohn, "subject to incumbrances in the sum of $7,000, on all of said lots, which is assumed by the grantees."

Judgment was rendered for the plaintiffs for $148.16 and costs, from which judgment the appeal in this case is prosecuted.

HENRY J. GERPHEIDE, attorney for appellants.

NEWCOMER & DELLENBACK, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellants having given a statutory deed of warranty containing the exception, "Subject to incumbrances in the sum of $7,000 on all of said lots, which is assumed by the grantees," became bound to pay any incumbrance then on the premises in excess of said sum. There is no uncertainty in the deed, and its meaning is too clear for discussion.

It, for the purposes of the trial below, was immaterial from what source appellants derived their title, or whether they had any.

Having warranted that they had, they can not dispute the truth of such covenant.

The existence and payment by William Bohn of interest already earned on the $7,000 incumbrance excepted from the warranty were shown; whether such interest was due when the warranty deed was executed is immaterial; it was earned, and appellees had to pay it to reduce the incumbrance to $7,000.

Many purely technical objections to this judgment are made, none of which appear to be well taken. Without entering upon a discussion of them, it is a sufficient answer to the technical errors assigned to say that the abstract of the record does not show that any motion for a new trial was made.

The judgment of the County Court is affirmed.